1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ASTARTE DAVIS-RICE, | ) | No. C 06-5219 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| v. | ) | |
| | ) | |
| SHEILA CLARK, Warden, et al., | ) | **(Docket No. 3)** |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner currently incarcerated at the Federal Correctional Institution Dublin and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  As petitioner is incarcerated within the Northern District of California and her petition challenges the execution of her federal sentence, venue is proper in this court.  See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).  She has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 1991, petitioner was convicted in the United States District Court for the United States Virgin Islands and sentenced to 15 years in prison.  In 2002, she was convicted in the United States District Court for the Northern District of California and sentenced to two

---

[1] In addition to Sheila Clark, the warden of the facility where petitioner is incarcerated, petitioner has named one other respondent.  The other respondent is DISMISSED.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (holding only proper respondent to petition brought by federal prisoner is petitioner's "immediate custodian," usually warden of facility where petitioner is held).

1  years in prison for escape from a federal prison, with such term to run consecutively to

2  petitioner's prior sentence.

3  **DISCUSSION**

4      Petitioner claims the sentences arising out of her 1991 and 2002 convictions are

5  "illegally obtained" because they were imposed pursuant to the United States Sentencing

6  Guidelines ("Guidelines"), which thereafter were found to be unconstitutional.  Specifically,

7  in United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court held the

8  Guidelines, as written, violated the Sixth Amendment.  Id. at 243-44, 248-49.

9      A prisoner in custody under sentence of a federal court, and who wishes to collaterally

10  attack the validity of his conviction or sentence, must do so by way of a motion to vacate, set

11  aside or correct the sentence pursuant to 28 U.S.C. § 2255; such motion must be filed in the

12  court in which the sentence was imposed.  See Tripati v. Henman, 843 F.2d 1160, 1162 (9th

13  Cir.), cert. denied, 488 U.S. 982 (1988).  A prisoner may not collaterally attack a federal

14  sentence by way of a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241.  See

15  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991).[2]  Although an exception to the

16  general bar against using § 2241 to collaterally attack a conviction or sentence exists, that

17  exception is very narrow.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).

18  Specifically, a federal prisoner may seek such relief only if he can show the remedy available

19  under § 2255 is "'inadequate or ineffective to test the validity of his detention.'"  See id.

20  (quoting 28 U.S.C. § 2255).[3]  Here, petitioner has not shown, or even attempted to show, the

21  remedy available under § 2255 is either inadequate or ineffective for the purpose of testing

22  the legality of her sentences.

23

24      [2]A second problem with the petition is that the Ninth Circuit has found Booker, upon which
petitioner's claims are based, announced a new constitutional rule of criminal procedure that does

25  not apply retroactively to cases on habeas review.  See United States v. Cruz, 423 F.3d 1119, 1120-

26  21 (9th Cir. 2005) (citing Teague v. Lane, 489 U.S. 288, 310 (1989)).

27      [3]The docket for the case resulting in petitioner's 2002 conviction indicates she filed an
unsuccessful § 2255 motion in that case.  The remedy under § 2255 will not be deemed inadequate

28  or ineffective, however, merely because a previous § 2255 motion was denied.  See Aronson v. May,
85 S. Ct. 3, 5 (1964); Tripati, 843 F.2d at 1162-63.

**United States District Court**
For the Northern District of California

2

1

**CONCLUSION**

2     For the reasons stated above, the petition for a writ of habeas corpus is DISMISSED.

3     The application for leave to proceed in forma pauperis is GRANTED in light of

4  petitioner's lack of funds.

5     This order terminates Docket No. 3.

6     The Clerk shall close the file.

7     IT IS SO ORDERED.

8  DATED: December 22, 2006

9                                             MAXINE M. CHESNEY
                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California